IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

|  |  |
|---|---|
| DANA HOMESLEY, | CA NO.   3:25-cv-01636-MGL |
| Plaintiff, |  |
| vs. | **COMPLAINT** |
|  | **(Jury trial requested)** |
| ANNE MARIE GREEN, in her official and individual capacities and LEXINGTON COUNTY SCHOOL DISTRICT 1 BOARD OF TRUSTEES, |  |
| Defendants. |  |

PLAINTIFF complaining of the Defendants would respectfully show unto the Court as follows:

## **INTRODUCTION**

1. This is an action for money damages and declaratory relief brought under 42 U.S.C. §§ 1983 and 1988, the First Amendment to the United States Constitution, and under the law of the State of South Carolina, against Anne Marie Green (Defendant Green) and Lexington County School District 1 Board of Trustees (Defendant School Board).

2. Plaintiff alleges that Defendants prevented her from speaking at a Lexington County School District 1 School Board meeting on or about March 15, 2022. Plaintiff alleges that her Constitutional rights were violated, the violation was committed as a result of the policies and customs of Defendant School Board, and that Defendant Green is liable under the theory of viewpoint discrimination.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction under 28 U.S.C. § 1331 over Plaintiff's cause of action arising under the Constitution of the United States and 42 U.S.C. § 1983 and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. Venue lies in the United States District Court for the District of South Carolina because the events giving rise to Plaintiff's claims occurred in South Carolina. 28 U.S.C. § 1391(b)(2).

5. The Columbia Division is the proper division for this action, as the events complained of herein occurred in Lexington County, South Carolina.

## PARTIES

6. Plaintiff Dana Homesley is an adult citizen and resident of Lexington County, South Carolina, and has children that attend Lexington School District 1 schools.

7. Defendant Green is, upon information and belief, a citizen of the United States of America, State of South Carolina, and a resident of Lexington County. At all times relevant herein, Defendant Green was the Chair or Chairwoman of the Lexington County School District 1 Board of Trustees and therefore the head of the Board, which is part of Lexington County School District 1. Defendant Green is a "person" as that term is defined in relation to 42 U.S.C. § 1983. She is sued herein for her acts individually and in her official capacity as the Chair of the Lexington County School District 1 Board of Trustees.

8. Defendant School Board is an authorized political subdivision of the State of South Carolina, indistinguishable from the County of Lexington County, State of South Carolina, that is statutorily liable, both directly and vicariously, for the acts of the individual Defendant and the damages to Plaintiff under the South Carolina State Tort Claims Act,

S.C. Code § 15-78-10 et seq., and which is also liable pursuant to 42 U.S.C. § 1981 and 1983 for the damages suffered by Plaintiff due to its supervisory indifference and/or tacit authorization of the misconduct of its agents as detailed herein.

## BACKGROUND

9.  Plaintiff restates and realleges all of the previous paragraphs as if restated herein verbatim.

10. Defendant Green and Defendant School Board conduct school board meetings that are open to the public and that set-aside time for "citizens participation" where the public can address Defendant School Board and speak in a public forum.

11. As of March 15, 2022, Defendant School Board had a written policy regarding citizens participation that stated the following: "speakers may offer such objective criticisms of school operations and programs as concerns them. But in public session, the board will not hear personal complaints about school personnel nor against any person connected with the school system." (Hereinafter referred to as "2022 Written Policy")

12. On or about March 15, 2022, Defendant School Board maintained a policy, custom, habit, and/or practice regarding citizens participation at its public meetings in the form of an admonishment given by Defendant Green at the beginning of each citizens participation segment where she told the audience they may not speak about specific individuals connected with the district, staff, or students connected to the district. This policy, custom, habit and/or practice is still currently taking place by the current board chair.

13. This policy, custom, habit, and/or practice was enforced by Defendant Green and Defendant School Board when speakers were speaking critically about individuals, but it was not enforced when speakers were complimenting individuals.

14. On or about March 15, 2022, Plaintiff participated in the citizens participation portion of

Defendant School Board's meeting. During this segment, Plaintiff stated the following:

> A citizen spoke at the last meeting praising the board and this district. He said that he had attended board meetings for the last 2 months. During that time, he was able to come up with a glowing analysis of the board. I have attended all board meetings since May of last year, and I can tell you that sitting in this auditorium as a member of the audience is a lot different than watching on live stream. I can tell you that I've seen and heard a lot of things that I wouldn't have been able to observe had I not been physically present. Attending two meetings and giving an assessment isn't really a fair assessment, especially given the history of this board. It's worth mentioning that shortly after this gentleman addressed the board, the Chairwoman took to social media. . .

15. Defendant Green then interrupted Plaintiff and stated "Ms. Homesley, I am going to stop you because you're talking about a member of the community."

16. The 2022 Written Policy does not prevent citizens from speaking about members of the community.

17. Plaintiff replied, "okay, I'll go on" and did not get to finish her sentence, which was "It's worth mentioning that shortly after this gentleman addressed the board, the Chairwoman took to social media mentioning how she has known this gentleman since the sixth grade."

18. The gentleman Plaintiff referred to was Murray Kinard.

19. Plaintiff was revealing that Defendant Green's friend came to citizens participation to praise the board. This part of Plaintiff's speech raises critical questions about Defendant School Board and Defendant Green.

20. Throughout her time as Board Chair, Defendant Green gave an admonition at the beginning of the citizens participation segment where she said "we do not talk about staff or students" but she allows speakers to talk about staff or students when the speaker is giving praise.

21. The following are examples:

    a.   On June 22, 2021, Dr. Todd Augsberger was allowed to speak at Defendant School

Board's meeting uninterrupted when he mentioned Jeff Salters, the CEO and CFO of the district, by name.

    b.   On September 22, 2021, Erin Smith was allowed to speak about Nurse Amy Wood, Dr. Little, and Dr. Guyton, praising them and thanking them.

    c.   On August 18, 2021, Debbie Heim told the board she would read an article from an interview that Greg Little, the district superintendent, gave in approximately 2017. She then said "is this really someone we want running our schools? Y'all are about to give him more power tonight with your resolution." She was then cut off from speaking and a board member stated "we don't talk about personnel issues."

22. Additionally, some speakers have expressed criticism of staff and/or individuals connected with the school district and have been allowed to speak.

23. Defendant Green has enforced the 2022 Written Policy inconsistently, and she has repeatedly discriminated against speech based on its viewpoint.

24. In fact, during Plaintiff's speech on March 15, 2022, Defendant Green allowed Plaintiff to refer to staff members throughout her speech when it was not critical of the board or its members.

25. The remainder of Plaintiff's speech on March 15, 2022 was as follows:

> Anyway, that got me thinking about the word dedication. When I think about Lexington One, I think about all the amazing people we have in this district. I think about the teachers, principals, custodians, cafeteria workers, maintenance workers, the resource officers, nurses, and bus drivers. It got me also thinking about how much time, effort, and especially the dedication they put in this district and our children, showing up for our kids every single day. All of our board members were here tonight. I appreciate the ones who have stayed to hear the citizens speak. However, as you may already know, one board member who seems to show out more than he shows up. Mr. Anderson has missed graduations, conferences, strategic planning updates, and a board self-assessment; just to name a few. Mr. Anderson has missed a total of 7 meetings since his re-election in 2020 – 7

out of 21 meetings. That's a 67% achievement rate, which would be a D if we're using Lexington One's grading scale. Maybe this isn't alarming to this board because recent statistics shows that 52.2% of our students are reading below grade level, and 58.5% of students [are] below grade level in math. In other words, more than half of our students are performing below grade level in English and Math. What's even more alarming is that these numbers have only slightly decreased since 2019. Prior to COVID, only a little more than half of our students were performing at above grade level. How is this acceptable for the self-proclaimed best district in the state to have over half their kids behind in reading and math? Can any of you tell me how much money is making it into the classroom? How many administrative positions have been added to the district office in the last couple of years? How many principals and assistant principals have left? How many teachers have called it quits? If Mr. Anderson were a student he would have failed due to excessive absences shortly after making the grade in November of 2020. Yet this board continues to reward him by appointing him to the educational foundation board, appointing him to committees and allowing him to continue to serve as an officer of the board. Where is the discipline? If this sounds familiar it's because this is what takes place in our schools every day – lack of discipline and disregard for the rules with no consequences. And when teachers speak out they are reprimanded in subtle ways as to not make it obvious. Our teachers deserve better, our students deserve better, and this community demands better from you. Board members who are elected to serve the community – justice delayed is justice denied. It's never too late to do the right thing.

26. After Plaintiff's time was up, Katie Jeffcoat finished the remainder of Plaintiff's speech by

reading the following on Plaintiff's behalf:

Over the past year, I have emailed Mr. Anderson on multiple occasions. Most recently, I sent an email about the meeting minutes, which are his responsibility as board secretary. After a couple of weeks with no response I decided to give him a call. However, his phone number and address have been removed from the district's website. So, email is the only means his constituents have to reach him. In fact, four members of this board have removed their home address from the district website within the last few months. Mr. Anderson is the only board member who does not have his phone number or home address listed. When I asked the Board Chair why Mr. Anderson is not returning emails to his constituents, she offered to answer those emails on his behalf. While I am sure she was just trying to be helpful, which I appreciate, it should be of great concern to all that a board member who has been elected and trusted by his fellow constituents to serve as a board officer by his fellow board members, to serve as a board officer, he needs to do his job he was elected to do. We have just come off of two historically difficult years for this district; we need board members who are

engaged, active, dedicated to the educational community meeting goals of this district. Not attending board meetings, graduations, ignoring constituents who reach out with questions, telling them to move from the district if they have concerns, kicking parents out of meetings is not conduct becoming of a board member of this district.

27. After Katie Jeffcoat spoke, Murray Kinard participated in citizens participation and stated the following: "I want to begin tonight by addressing some things that I've heard that have been said about or speculated about my reasons for being here. I'm a plant – no one has put me here. I'm paid – although I'd like to be, I'm not."

28. Mr. Kinard then pointed out that Defendant School Board's members are not paid, thanked Dr. Little and his staff, and addressed whether he should be considered a cheerleader for Defendant Board.

29. Murray Kinard's speech suggests his ongoing appearances and complimentary speech at Defendant School Board's meetings was a legitimate issue at Defendant School Board's meetings, as he chose to specifically address whether he is a plant for the school district and whether he is being paid to praise the school district.

30. Defendant Green's enforcement of the 2022 Written Policy violates the First Amendment's prohibition against viewpoint discrimination because she sensors criticism and allows praise.

31. Defendant Green made Plaintiff stop speaking because the content of Plaintiff's speech and its viewpoint were upsetting to Defendant Green, as Plaintiff was revealing that the person who lauded Defendant Board and the school district was Defendant Green's childhood friend. Plaintiff was being objectively critical of Defendant School Board and Defendant Green by pointing out this fact.

32. On November 16, 2021, during citizens participation of a board meeting, Defendant Green

allowed Stephanie Berquist to refer specific individuals associated with the school system by name, including Dr. Little, when she read an email he wrote to her, because she could tolerate the viewpoint of the speech.

33. On May 17, 2022, during the citizens participation of a board meeting, Defendant Green allowed Murray Kinard to "single out" specific individuals and staff associated with the school system and speak directly to them, thanking them, because the viewpoint of the speech was agreeable to her.

34. On February 20, 2024, during the citizens participation of a board meeting, Defendant Green allowed David Oberly to refer to specific individuals associated with the school system by name because the viewpoint of the speech was agreeable to her.

35. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages:

    a. Violation of her constitutional protections under the First Amendment to the United States Constitution to be free in the exercise of speech.

36. Defendants opened a forum for public speech for the exchange of ideas, opinions, and thoughts by creating citizens participation time at Defendant School Board's meetings.

37. The citizens participation time at Defendant School Board's meetings is and was at the time a public forum of speech.

38. At the meeting, Plaintiff did not use any foul language, threats, obscene comments, or other unacceptable comments, and she acted within the rules of the 2022 Written Policy.

39. The actions of the Defendants violated the following clearly established and well-settled federal constitutional protections of Plaintiff:

    a. Freedom from viewpoint discrimination in all forums.

40. With deliberate indifference to the rights of Plaintiff to be free from retaliation for

exercising her First Amendment protections, Defendant Green and Defendant School Board have ongoingly encouraged, tolerated, ratified, and acquiesced to an environment of retaliation to the exercise of such rights by:

    a.  failing to conduct sufficient training or supervision with respect to the protected speech rights of citizens to question the actions of government conduct without retaliation;

    b.  by failing to adequately punish retaliation by Defendants against members of the public who exercise their protected speech rights to object to government conduct or express opinions the government does not share;

    c.  by tolerating the use of retaliation based on protected speech;

    d.  by misstating the 2022 Written Policy before nearly every citizens participation segment over a course of multiple years;

    e.  by broadening the 2022 Written Policy to prevent any mention of staff member names when the speech takes a critical viewpoint towards Defendants, rather than only preventing personal complaints about school personnel or person connected with the school, as the written policy states;

    f.  by violating her own admonishment by allowing speech about staff members and individuals connected with the school district when the speech is agreeable to her and disallowing it when the speech is disagreeable to her; and

    g.  and by ongoingly failing to properly investigate citizens' complaints of retaliation for exercising their First Amendment Protections.

41. It is the deliberately indifferent custom, habit, practice, and/or policy of Defendant Green and Defendant School Board to permit retaliation against individuals for exercising First Amendment protections, as well as to fail to supervise and to train board members in the constitutional protections of individuals.

42. At all relevant times, Defendant Green was acting under color of law and under color of authority as the Chair of the Lexington County School District 1 School Board in the U.S. state of South Carolina, county of Lexington.

43. At all relevant times, Defendant School Board was acting under color of law and under

color of authority as an authorized political subdivision of the State of South Carolina, indistinguishable from the County of Lexington County, State of South Carolina.

### FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. § 1983 – Retaliation in Violation of the First Amendment
### (As to Defendant Green)

44. Plaintiff restates and realleges all of the previous paragraphs as if restated herein verbatim.

45. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizens of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress. . .

46. Plaintiff in this action is a citizen of the United States and Defendant Green is a person for purposes of 42 U.S.C. § 1983.

47. Defendant Green was, at all times relevant, a policymaker for Defendant School Board and in that capacity established policies procedures, customs, and/or practices for Defendant School Board. At all times relevant herein, she was acting under the color of state law in her capacity as the Chair of Defendant School Board and her acts or omissions were conducted within the scope of her official duties or employment.

48. Defendant Green employed a practice or custom of misstating Defendant School Board's policies surrounding citizens participation, making it more restrictive. However, these restrictions were only applied when the speaker's viewpoint was not to Defendant Green's liking.

49. At the time of the complained of event, Plaintiff had the clearly established constitutional right to be free from viewpoint discrimination in a public forum.

50. Any reasonable board of trustees chair such as Defendant Green knew or should have known of this right at the time of the complained of conduct as it was clearly established that time.

51. Plaintiff exercised her constitutionally protected right to question the conduct of the government and/or engaged in protected speech in a public forum.

52. Retaliatory animus for Plaintiff's exercise of her constitutionally protected right to question the conduct of government arms controlled in part by Defendant Green was a substantially motivating factor in the suppression of Plaintiff's speech at the March 15, 2022 school board meeting, as Defendant Green misstated the 2022 Written Policy in open session and gave a reason for stopping Plaintiff that conflicts with the 2022 Written Policy.

53. The actions taken against Plaintiff in retaliation for her protected conduct would deter a person of ordinary firmness from continuing to engage in the protected conduct at school board meetings.

54. Defendant Green suppressed Plaintiff's speech as a means of retaliation for the viewpoint of Plaintiff's speech. The content of Plaintiff's speech included objective criticism of Defendant School Board and Lexington School District 1, and Defendant Green suppressed the speech because of its critical viewpoint. Defendant Green is therefore liable for violating Plaintiff's First Amendment protections.

55. Defendant Green is not entitled to qualified immunity for the complained of conduct because freedom from viewpoint discrimination in a public forum was a clearly established right on March 15, 2022.

56. Defendant Green could not have reasonably believed her actions were lawful because the reason she offered Plaintiff for censoring her conflicts with the 2022 Written Policy, as it

does not violate the written policy to speak about a member of the community.

57. Defendant Green's admonition that speakers cannot talk about "staff or students" also does not align with the 2022 Written Policy. Furthermore, Defendant Green enforced it unevenly, as she allowed it to happen when the speech took a certain viewpoint and did not allow it to happen when the speech took a critical viewpoint that she did not like.

## FOR A SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the First Amendment
### (Against all Defendants)

58. Plaintiff restates and realleges all previous paragraphs as if they are restated herein verbatim.

59. At the time of the complained of event, Defendants maintained a written policy, as well as a habit, custom, and/or practice regarding citizens participation at school board meetings that prevented criticism of the government and government officials, in violation of the First Amendment.

60. At the time of the complained of event, Plaintiff had the clearly established constitutional protections to be free from retaliation for the exercise of protected speech.

61. Defendant Green and Defendant School Board knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

62. Defendants are not entitled to qualified immunity for the complained of conduct.

63. Defendant Green and Defendant School Board were, at all times relevant herein, policymakers for Lexington County School District 1 and in that capacity established policies, procedures, customs, and/or practices for the Lexington County School District 1 School Board.

64. These Defendants developed and maintained policies, procedures, customs, and/or

practices exhibiting deliberate indifference to the constitutional protections of citizens, including but not limited to misstating Defendant District's policy regarding citizens participation in an admonition at the beginning of each citizens participation segment, censoring speech beyond the written policy, and restricting certain speech when it was critical and allowing the same speech when it was complimentary, which were moving forces behind and proximately caused the violations of the Plaintiff's constitutional protections and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

65. Defendant Green and Defendant School Board have developed and maintained long-standing, department-wide customs, policies, procedures, practices, and/or failed to properly train and/or supervise its employees in a manner that amounts to deliberate indifference to the constitutional protections of Plaintiff and of the public.

66. In addition, the 2022 Written Policy violates the First Amendment because it specifically forbids personal complaints about individuals, which means praise of individuals is allowed. This is textbook viewpoint discrimination.

67. Furthermore, Defendant Green and Defendant School Board have violated the 2022 Written Policy by allowing reference to individuals connected with the school district, staff, and students when the reference is complimentary and disallowing it when the reference is critical.

68. The deliberately indifferent training and supervision provided by Defendant Green and Defendant School Board resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendants and were moving forces

in the constitutional and federal violations complained of by Plaintiff.

## PRAYER FOR RELIEF

69. WHEREFORE, Plaintiff respectfully requests the following from this Court:

    a.  Award all such actual, general, special, compensatory, and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined by the trier of fact;

    b.  Award punitive damages on all claims allowed by law against individual Defendants and in an amount to be determined at trial;

    c.  Issue a declaratory judgment, under 42 U.S.C. § 1983 declaring Defendants' conduct with regard to Plaintiff unconstitutional, declaring Defendant School Board's 2022 policy regarding citizens participation at school board meetings unconstitutional, and declaring Defendant School Board's current policy regarding citizens participation at school board meetings unconstitutional;

    d.  Issue a preliminary injunction prohibiting all Defendants and all those acting in concert with them from suppressing speech at school board meetings without procedural due process;

    e.  Issue a permanent injunction prohibiting all Defendants and all those acting in concert with them from suppressing speech at school board meetings without procedural due process;

    f.  Award Plaintiff reasonable fees and costs pursuant to U.S.C. § 1988 and any other applicable provisions of law; and

    g.  Award such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

[signature page to follow]

Respectfully submitted,

**LAW OFFICE OF TYLER RODY, LLC**

S/Tyler Rody
Tyler Rody (Fed. Bar No. 13393)
Attorney for Plaintiff
661 E. Main St.
Spartanburg, SC 29302
(864) 381-7969 phone
(864) 670-5636 fax
tyler@rodylaw.com

Spartanburg, SC
March 12, 2025